**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| EVIE TRAMMEL-ELLIS,<br><br>        Plaintiff,<br><br>        v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security Administration,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 04-1195 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Evie Trammel-Ellis appeals the Social Security Administration's denial of disability benefits for an injury sustained during a car accident in 1973.  Pending before the Court are plaintiff's motion for judgment of reversal and defendant's motion for judgment of affirmance.  Upon consideration of the motions and supporting memoranda, the responses and replies thereto, the applicable law, and the entire record, the Court determines that the administrative law judge ("ALJ") did not correctly apply the relevant legal standards.  Therefore, for the reasons stated herein, plaintiff's motion for judgment of reversal is **GRANTED**, defendant's motion for judgment of affirmance is **DENIED**, and this case is **REMANDED** for proceedings consistent with this opinion.

1

**BACKGROUND**

**I. Factual and Procedural Background**

Plaintiff is a 61 year-old woman who lives in Washington, D.C. She injured her back and neck in a car accident in 1973 and has complained of neck, lower back, arm and leg pain ever since. One doctor has diagnosed her with lumbar disk disease, lumbar arthritis, and grade I spondylolisthesis. Administrative Record ("A.R.") at 129. Three doctors have diagnosed her with degenerative disc disease and two of those doctors have also diagnosed degenerative facet disease. A.R. at 141, 143, 148, 167.

After the accident, plaintiff retired on full disability from her job as a stenographic unit supervisor at the Federal Trade Commission. A.R. at 170, 180. She then held a series of secretarial jobs until 1992, and has not been gainfully employed since then. Plaintiff filed an application for disability benefits on April 11, 1997, alleging disability since January 1, 1993. Her claim was denied initially and upon reconsideration. After a hearing on April 21, 1998, an ALJ denied her claim for benefits on June 29, 1998. On May 14, 1999, the Appeals Council remanded plaintiff's case for another hearing and decision because the hearing cassette was certified as lost. After a supplemental hearing on October 11, 2000, the ALJ again denied

her claim on May 30, 2001.  On May 20, 2004, the Appeals Council affirmed the ALJ's decision.

Plaintiff filed suit in this Court on July 15, 2004, in order to appeal the final denial of benefits.  Plaintiff has moved for judgment of reversal on the grounds that the ALJ's decision is not supported by substantial evidence and is erroneous as a matter of law.  Plaintiff argues primarily that the ALJ improperly determined that plaintiff was capable of performing her past relevant work, and thus was not disabled, because the ALJ's decision did not comply with applicable procedural requirements.

## II. Statutory Framework

To qualify for disability insurance benefits under Titles II and XVI of the Social Security Act, the claimant must establish that she is "disabled."  42 U.S.C. §§ 423(a)(1)(D), 1382(a)(1). "Disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *Id.* §§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience,

3

engage in any other kind of substantial gainful work which exists in the national economy." *Id.*

The Social Security Commissioner has established a five-step sequential evaluation process for assessing a claimant's alleged disability. *See* 20 C.F.R. §§ 404.1520, 416.920.  First, the claimant must demonstrate that she is not presently engaged in "substantial gainful" work.  *Id.* §§ 404.1520(b), 416.920(b). Second, a claimant must show that she has a "severe impairment" that "significantly limits [her] physical or mental ability to do basic work activities."  *Id.* §§ 404.1520(c), 416.920(c).  Third, if the claimant suffers from an impairment that meets the duration requirement and meets or equals an impairment listed in Appendix 1 to the Commissioner's regulations, she is deemed disabled and the inquiry ends.  *Id.* §§ 404.1520(d), 416.920(d).

In the instant case, the ALJ found that plaintiff was not engaged in substantial gainful work (step one) and that she had a severe impairment (step two).  A.R. at 14-15.  Because plaintiff did not satisfy step three, the inquiry proceeded to the fourth step, which required her to show that she suffers an impairment that renders her incapable of performing "past relevant work." *See id.* §§ 404.1520(d)-(e), 416.920(d)-(e).  The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform her past relevant work and, thus, was not disabled.  Because the ALJ found that plaintiff was not disabled, he did not have to

proceed to step five to determine whether she was able to perform "other work" based on a consideration of her RFC, age, education, and past work experience. *See id.* §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act provides for judicial review of "final decisions" of the Commissioner of Social Security. 42 U.S.C. § 405(g). On review, "the court must uphold the [Commissioner's] determination if it is supported by substantial evidence and is not tainted by an error of law." *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brown v. Bowen*, 794 F.2d 703, 705 (D.C. Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "The test 'requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004). This standard "entails a degree of deference to the Commissioner's decision." *Jackson v. Barnhart*, 271 F. Supp. 2d 30, 33 (D.D.C. 2002).

"Even if supported by substantial evidence, however, the court will not uphold the Commissioner's findings if the Commissioner reached them by applying an erroneous legal standard." *Jackson*, 271 F. Supp. 2d at 33; *see also Coffman v.*

*Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). To determine whether the Commissioner's decision is free from legal error and supported by substantial evidence, the court must "carefully scrutinize the entire record," but "may not reweigh the evidence and 'replace the [Commissioner's] judgment regarding the weight of the evidence with its own.'" *Jackson*, 271 F. Supp. 2d at 34.

**ANALYSIS**

Plaintiff challenges the Commissioner's decision on several grounds. Specifically, plaintiff contends that the ALJ erred in (1) assessing plaintiff's RFC because he did not conduct a complete function-by-function assessment, (2) evaluating the plaintiff's subjective complaints about pain, and (3) finding plaintiff was capable of performing her past relevant work given his other factual findings.

**I. Function-by-function Analysis**

The RFC assessment "is designed to determine the claimant's uppermost ability to perform regular and continuous work-related physical and mental activities in a work environment." *Butler v. Barnhart*, 353 F.3d 992, 1000 (D.C. Cir. 2004) (citing Social Security Ruling 96-8p, *Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, at *2-3 (SSA July 2, 1996)). "[I]t is a 'function-by-function' inquiry based on all of the

relevant evidence of a claimant's ability to do work and must contain a 'narrative discussion' identifying the evidence that supports each conclusion." *Id.* In performing the assessment, the ALJ must explain how he considered and resolved any "material inconsistencies or ambiguities" in the record, as well as the reasons for rejecting medical opinions in conflict with the his RFC determination. *Id.* Finally, Social Security Ruling ("SSR") 96-8p requires that the ALJ discuss each of the exertional factors in detail and not merely consider them during his decision-making process. *Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63, 68 (D.D.C. 2006).[1]

In this case, the ALJ found that plaintiff's back and cervical disorders have produced limitations "consistent with the capacity for sedentary work." A.R. at 15. He gave weight to the opinion of Dr. Talaat Maximous, who "opined that [plaintiff] might have some degree of limitation regarding repeated bending, stooping, lifting heavy objects, or prolonged standing and walking." A.R. at 16. The ALJ then found that "prior to [plaintiff's] date last insured of December 31, 1997, she could perform sedentary work, or work that did not require heavy lifting or prolonged standing or walking." *Id.* Thus, he found

---

[1] The Court notes that "Social Security Rulings, while instructive, are not conclusive and do not have the force of law." *Beynum v. Barnhart*, 435 F. Supp. 2d 142, 145 (D.D.C. 2006) (quoting 20 C.F.R. § 402.35(b)(1)). The parties do not dispute, however, their applicability to this case.

7

that plaintiff had a "residual functional capacity for work which does not involve heavy lifting or carrying, prolonged walking, standing, sitting or stooping." A.R. at 17.

This analysis is lacking for multiple reasons. First, the ALJ did not consider each function separately, as required by SSR 96-8p, nor did he consider pulling or pushing at all. *See Lane-Rauth*, 437 F. Supp. 2d at 68. Second, the ALJ also failed to resolve material inconsistencies in the record about plaintiff's ability to perform some of these functions. *See Butler*, 353 F.3d at 1000. For example, Dr. Laura Isensee opined that plaintiff would experience increased pain after sitting for 30-60 minutes; that she would not be able to alternate between sitting and standing on a continuous basis throughout an eight-hour workday without experiencing pain; that it would be very difficult for her to bend to pick up something from the floor or to stoop; and that she would be unable to turn her head side to side for three hours of an eight-hour day on a sustained basis. A.R. at 156-57, 159. The ALJ, in concluding that the plaintiff "might have some degree of limitation regarding repeated bending, stooping, lifting heavy objects, or prolonged standing and walking," failed to acknowledge Dr. Insensee's contradictory opinions regarding plaintiff's ability to sit for longer than 30-60 minutes or her ability to stoop or bend at all. The ALJ also did not address Dr. William Gentry's observation

that plaintiff's ability to push and pull was limited, A.R. at 174, despite the fact that sedentary work requires occasionally pushing or pulling, and the fact that Dr. Maximous's opinion, which the ALJ relied on, was silent on those two functions. Therefore, the Court cannot discern from the record the ALJ's basis for rejecting these conflicting opinions and cannot evaluate the RFC finding because some factors were not discussed by the ALJ at all. *See Butler*, 353 F.3d at 1000; *Lane-Rauth*, 437 F. Supp. 2d at 68.

## II. Evidence of Pain

Plaintiff contends that the ALJ erroneously evaluated her subjective complaints about pain in violation of the two-step process required for determining whether a claimant suffers from pain. The Commissioner must consider all symptoms, including pain, in determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1529. The D.C. Circuit has described the two-step process required by the regulations to assess pain. First, "the claimant must adduce 'medical signs or laboratory' findings evidencing a 'medically determinable impairment that could reasonably be expected to produce' the alleged pain." *Butler*, 353 F.3d at 1004. "[T]he second step assesses the persistence and intensity of the claimant's pain as well as the extent to which it impairs her ability to work," an evaluation that must take into account "all the available evidence." *Id.*

9

In this case, there is no record of the ALJ's consideration of plaintiff's complaints of pain, despite the fact that there is medical evidence in the record supporting such complaints. Dr. Insensee documented plaintiff's pain and prescribed medication for it. In November 1999, she stated that "the patient has been appropriately and adequately evaluated with respect to the etiology of her pain." A.R. at 149. In July 2000, Dr. Insensee stated that plaintiff was in constant pain and that the pain increased after standing or sitting for 30 to 60 minutes. A.R. at 156. She said plaintiff would not be able to alternate between sitting and standing on a continuous basis throughout an eight hour workday without experiencing pain. Finally, she stated that medical findings show a "medical condition which could reasonably be expected to produce the type of pain described by plaintiff." A.R. at 158. Given this evidence, the ALJ erred in failing to articulate any position with regard to plaintiff's evidence of pain. *See Butler*, 353 F.3d at 1005.

### III. Additional Issues

As the errors already discussed provide sufficient grounds for a judgment of reversal, the Court will only briefly note two additional issues to guide the Commission on remand. First, it appears that the ALJ's determination about plaintiff's past relevant work is not supported by his own findings. The ALJ found that plaintiff's RFC is for work that does not involve

prolonged sitting. A.R. at 17. However, the ALJ described plaintiff's past relevant work as sitting half the time and standing half the time, *id.*, which would be a prolonged amount of sitting. And the finding that plaintiff has the capacity to perform sedentary work is similarly tenuous because sedentary work by definition requires prolonged sitting. *See* C.F.R. § 404.1567 (stating that jobs are "sedentary if walking and standing are required occasionally"); SSR 96-9p, *Implications of a RFC for Less than a Full Range of Sedentary Work*, 1996 WL 374185, at *3 (SSA 1996) (stating that in sedentary work, "sitting would generally total about 6 hours of an 8-hour workday").

Second, it appears that the ALJ did not properly consider the opinions of Drs. Insensee and Christopher Curcio. These doctors saw plaintiff several times over the course of years, but their opinions were disregarded in favor of those of Dr. Maximous, who only saw plaintiff on one occasion. *See Mastroni v. Bowen*, 646 F. Supp. 1032, 1036 (D.D.C. 1986) ("limited weight should be given to the report of a consulting physician who only briefly examines plaintiff on a single occasion"). The D.C. Circuit has held that an ALJ "who rejects the opinion of a treating physician [must] explain his reasons for doing so." *Butler*, 353 F.3d at 1003. In the record before the Court, the

ALJ did not provide a convincing reason for giving little weight to the opinions of Drs. Insensee and Curcio.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment of reversal is **GRANTED,** defendant's motion for judgment of affirmance is **DENIED,** and this case is **REMANDED** for proceedings consistent with this opinion.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            August 24, 2007**